UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOUIS DAVID JOHNSON, JR.,

    Plaintiff,

v.                                                  Case No. 2:02-cv-33
                                                 HON. GORDON J. QUIST

P. JOHNS, et al.,

    Defendants.
_____/

LOUIS DAVID JOHNSON, JR.,

    Plaintiff,

v.                                                   Case No. 2:02-cv-34

MICHAEL ISAACSON,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff prisoner Louis David Johnson, Jr., filed this civil rights action pursuant to 42 U.S.C. § 1983 asserting that he was assaulted by defendants in violation of the Eighth Amendment. Defendants have moved to dismiss the case because plaintiff failed to participate in discovery by refusing to answer questions at his deposition.

        On December 15, 2004, the court issued an order granting defendants' motion to take the deposition of plaintiff. Defendants noticed plaintiff's deposition by telephone for January 6, 2005. Plaintiff refused to answer deposition questions at that time. Plaintiff correctly stated that defendants' motion asked to take the deposition during the week of December 13. However, the court order, which was entered after December 13, 2004, granting the motion did not limit the time

period when the deposition could be taken. Plaintiff stated that he would plead the Fifth Amendment to questions asked during the deposition. Defendants then filed a second motion to take plaintiff's deposition. On January 28, 2005, the court again granted defendants leave to take plaintiff's deposition. In order to avoid any confusion, the court "granted leave to take the telephone deposition of plaintiff prior to March 15, 2005." Further, the court made it clear that: "Failure to participate in the deposition may result in dismissal of his case, pursuant to Federal Rule of Civil Procedure 41(b)."

Defendants noticed plaintiff's deposition for February 25, 2005. On February 10, 2005, the court denied plaintiff's motion to deny defendants' motion to take plaintiff's deposition explaining that defendants have the right to take plaintiff's deposition. When defense counsel attempted to take plaintiff's deposition on February 25, 2005, plaintiff refused to cooperate, pleading the Fifth Amendment to questions which if answered could not possibly incriminate plaintiff. After initially pleading the Fifth Amendment to introductory questions by defense counsel, plaintiff then stated that he would answer the questions and proceeded to cooperate and answer questions about his incarceration. However, when defense counsel began to ask questions regarding the subject matter of the complaint, plaintiff inappropriately pleaded the Fifth Amendment and refused to answer deposition questions regarding this lawsuit.

> Q. And was it in Baraga that the event happened that gives rise to your claim in this lawsuit?
>
> A. I plead the Fifth.
>
> Q. Is that because you don't understand my question?
>
> A. No, I understood your question.
>
> Q. You filed a lawsuit entitled Louis David Johnson, Jr., versus Phil Johns or P. Johns and three other defendants. That's been given case

number, 2:02-cv-33. And it's been assigned to the Honorable Judge Quist. That's the lawsuit I'm talking to you about in this deposition. You understand that; right?

A. I plead the Fifth.

Q. Do you remember the last time we tried to do your deposition and I tried to explain to you that the Fifth Amendment protects a person from incriminating themselves in a criminal proceeding. Your lawsuit is not a criminal proceeding. And a witness is not able -- a witness or a party -- is not able to plead the Fifth in a civil action out of which there are no possible criminal ramifications.

A. If you look in your law dictionary under "self incrimination," I'm sure that you will find that your statement is incorrect, Attorney General.

Q. Okay. Now, as you know, the court has ordered -- entered an order allowing me to take your deposition. I'm allowed to ask you questions --

A. Yes.

Q. -- about your claim.

A. Yes.

Q. And you are required to answer them. You may not take the Fifth Amendment in order to avoid answering questions about your claim, the one you've filed in a civil court.

A. I told you -- I didn't tell you everything that I had to say about this. I want to retract one statement when we talked before that I wasn't answering anything that you want to ask me. I don't feel that speaking to you is conducive to my situation at all. And I think that would be self-incriminating for me to talk to you when I've already given everything that I have to say about this case -- I've given to the court. And I'm sure you have a copy of that. Now, to get me crossed up on tape, "Well, you said this during the deposition and differently in the court," I'm not going to do that.

Q. Well, you raised those arguments with the court in response to my motion to take your deposition.

A. Well, here I am with the deposition and I'm answering every question that you asked me.

Q. Okay. Well, let me ask again then. When did the event happen that you claim gives rise to your claim of injury in this case? Didn't that event happen in February of 2001?

A. I told you I plead the Fifth to that.

Q. Okay. Did you receive a misconduct ticket indicating a violation date of February 28, 2001 for assaulting an officer at the Baraga Correctional Facility?

A. I plead the Fifth.

Q. Were you found guilty of a major misconduct -- of that major misconduct ticket at a hearing on March 14th, 2001?

A. I plead the Fifth.

Q. Were you found guilty of a major misconduct -- of that major misconduct ticket at a hearing on March 14, 2001?

A. I plead the Fifth.

Q. Okay. What is it that you believe that Defendant Johns did that caused you an injury?

A. I plead the Fifth.

Q. What is that you believe that Defendant Kenneth Trusdale did that caused you an injury?

A. I plead the Fifth.

Q. What is that you believe that Defendant Michael Isaacson did to you that you believe caused you an injury?

A. I plead the Fifth.

Q. What is that Defendant Doug West did to you that you believe caused you an injury?

A. I plead the Fifth.

> Q. Were you injured on February 28th, 2001?
>
> A. I plead the Fifth.
>
> Q. I take it your position as you've explained is that as long as I'm asking you questions about your claim that you filed in this case, you're going to refuse to give me a substantive answer and instead assert the Fifth Amendment as justification for not giving me a substantive answer; is that correct?
> A. Define the question.
>
> Q. Okay. Did you provide a statement in response to your major misconduct ticket of February 28th, 2001?
>
> A. I plead the Fifth.

Deposition transcript, February 25, 2005, exhibit F, at 8-12, docket # 60.

It is clear that plaintiff did not want to provide deposition testimony. Plaintiff pleaded the Fifth Amendment to questions that he was required to answer that were not objectionable and could not have possibly lead to incriminating answers. The Fifth Amendment provides that a defendant cannot "be compelled in any criminal case to be a witness against himself." The Fifth Amendment can be asserted in noncriminal cases, however the Fifth Amendment cannot be asserted to a deposition question in a civil case unless the answer might incriminate the deponent in a future criminal proceeding. *Chavez v. Martinez*, 538 U.S. 760, 770 (2003). Plaintiff refused to talk about the subject matter of his own civil complaint, asserting the Fifth Amendment. Plaintiff filed the complaint against defendants. Defendants were entitled to take plaintiff's deposition. Plaintiff had to provide answers to questions regarding the subject matter of his complaint. Plaintiff was previously warned by the court that his failure to participate in his deposition could result in the dismissal of this case. Plaintiff clearly indicated that he did not want to answer deposition questions and improperly invoked the Fifth Amendment to questions which could not possibly illicit

incriminating answers. Plaintiff purposely did not participate in the deposition when he improperly invoked the Fifth Amendment solely as a ruse to not answer appropriate deposition questions.

The Sixth Circuit has set fourth four factors for the court to use when determining whether a case should be dismissed for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Plaintiff clearly was acting in bad faith by not participating in discovery and by refusing to answer deposition questions. Plaintiff's assertion of the Fifth Amendment as a reason not to answer questions about his own lawsuit is clearly unreasonable. If plaintiff is unable to explain how the defendants violated his constitutional rights because he fears that his answer may incriminate himself, plaintiff has no hope of supporting a claim. Plaintiff acted disingenuously by asserting the Fifth Amendment to the deposition questions. Plaintiff clearly was attempting to avoid providing deposition testimony, despite the court's order requiring him to participate in his deposition. Defendants are clearly prejudiced by plaintiff's refusal to testify about his claims in a pretrial deposition. Defendants have now tried twice to take plaintiff's deposition and plaintiff has refused to participate even after the court had ordered plaintiff to participate in the deposition. Without a pretrial deposition, defendants are prejudiced in their trial preparation. It is clear that plaintiff intends not to answer deposition questions in the hope that he can surprise defendants at trial and testify about his claim. That clearly is prejudicial to the defendants. Further, the court warned plaintiff that his failure to participate in his deposition could result in the dismissal of his case for failure to prosecute. Finally, there exists no less drastic sanction than dismissal of this case under these circumstances. The court could

disallow plaintiff from testifying in his case.  The court could enter the deposition transcript into evidence and allow the jury to use the assertion of the Fifth Amendment privilege against the plaintiff.  However, that would merely be a needless waste of court time.  Without testimony from plaintiff regarding the subject matter of the complaint, plaintiff has no case to present to the jury.

Accordingly, I am left with no choice except to recommend dismissal of this case for plaintiff's willful failure to provide deposition testimony and participate in his own deposition. Plaintiff's assertion of the Fifth Amendment is not supportable or even arguable.  Plaintiff clearly attempted to obstruct defense counsel's pretrial discovery and his failure to cooperate in the most basic aspect of pretrial discovery must be sanctioned.  Plaintiff was warned by this court after he refused to participate in his own deposition the first time that his failure to participate in a deposition could result in the dismissal of his case.  Despite this warning, plaintiff flaunted the court order by unreasonably asserting the Fifth Amendment to appropriate deposition questions, without any risk of criminal prosecution arising from his answers.

Therefore, it is recommended that plaintiff's complaint be dismissed in its entirety, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.  See See Catz v. Chalker, 142 F.3d 279, 286 (6th Cir. 1998); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Buck v. U.S. Dept. of Agriculture, 960 F.2d 603 (6th Cir. 1992).  It is recommended that defendants' motion to dismiss (docket #59) be granted.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal

those issues or claims addressed or resolved as a result of the Report and Recommendation. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).  <u>See</u> <u>also</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 19, 2005