UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOUIS DAVID JOHNSON, JR.,

        Plaintiff,                Case No. 2:02-cv-33

v.                                HON. GORDON J. QUIST

P. JOHNS, et al.,

        Defendants.
_____/

LOUIS DAVID JOHNSON, JR.,

        Plaintiff,                Case No. 2:02-cv-34

v.

MICHAEL J. ISAACSON,

        Defendant.
_____/

### OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on May 19, 2005. The Report and Recommendation was duly served on the parties. The Court has received objections from the plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made.

The Magistrate Judge recommended dismissal of this case for failure to prosecute after plaintiff failed for a second time to answer any of the deposition questions asked by defense counsel. Plaintiff's deposition was initially scheduled for January 6, 2005. Plaintiff refused to

answer deposition questions at that time. The court again entered an order allowing defendant to take plaintiff's deposition and warned plaintiff that his failure to cooperate by providing deposition testimony could result in dismissal of this complaint. Plaintiff argues that the court only ordered him to "participate" in his deposition. Plaintiff asserted the Fifth Amendment to every question asked by defense counsel. Plaintiff admits that this was a strategy decision so that he could surprise defendant at trial with his actual testimony and not be tricked by defense counsel during his deposition testimony. Plaintiff's strategy of improperly invoking the Fifth Amendment to questions regarding the subject matter of his complaint and even routine questions now makes it impossible for plaintiff to support his claims with his own testimony. Plaintiff's "strategy" was improper in bad faith and inexcusable. Plaintiff clearly flaunted the court's orders. Plaintiff's argument that by asserting the Fifth Amendment to every question is "participating" in his deposition, is further evidence that plaintiff does not intend to follow the court's orders in the future.

Plaintiff was given the chance to correct his initial error in refusing to provide deposition testimony. Plaintiff failed again to provide testimony at his second deposition. Plaintiff is not entitled to a third chance. Although plaintiff argues that he should be given a third chance to answer deposition questions and that he should simply be ordered to pay for the prior costs associated with the two prior failed attempts, plaintiff will not be afforded a third chance. Dismissal is appropriate. The court should not have to order the plaintiff three times to accomplish a routine deposition. Defendants have been prejudiced by plaintiff's improper behavior in litigating this case. The only appropriate remedy at this point is dismissal of this action.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

- 3 -

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court dismissed this case, the court discerns no good-faith basis for an appeal.  Should the plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.


Dated:  August 16, 2005                                   /s/ Gordon J. Quist                
                                                                 GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE