UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| LOUIS DAVID JOHNSON JR. #210442, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:02-cv-33 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| P. JOHNS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| LOUIS DAVID JOHNSON JR. #210442, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:02-cv-34 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ISAACSON, | ) | **MEMORANDUM OPINION** |
| | ) | **DENYING LEAVE TO PROCEED** |
| Defendant(s). | ) | **IN FORMA PAUPERIS ON APPEAL** |
| | ) | |

Plaintiff, a prisoner incarcerated at Alger Maximum Correctional Facility (LMF), filed two notices of appeal with regard to the November 16, 2005 judgment taxing costs. (Docket #83 and #84.) Plaintiff seeks leave to proceed *in forma pauperis.* Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* on appeal under 28 U.S.C. § 1915(g). The court will order Plaintiff to pay the $255.00 filing fee on appeal within thirty days of this opinion and accompanying order, and if Plaintiff fails to do so, his appeal may be dismissed without prejudice.

**Discussion**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, which

was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the

privilege of proceeding *in forma pauperis.*  As the Sixth Circuit has stated, the PLRA was "aimed

at the skyrocketing number of claims filed by prisoners--many of which are meritless--and the

corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d

1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt

a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the

civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may

pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the

fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Hampton*, 106 F.3d at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by

preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless

lawsuits.  Known as the "three-strikes rule", the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under [the section governing proceedings *in forma pauperis*] if the
> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States that was dismissed
> on the grounds that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The

statute does allow an exception for a prisoner who is "under imminent danger of serious physical

injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against

arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder  and is ex post facto legislation.   *Wilson v. Yaklich*, 148 F.3d 596, 604-606 (6th Cir.), *cert. denied*, 525 U.S. 1139 (1999); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan.  Plaintiff has been an active litigant in the federal courts in Michigan.  In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds of failure to state a claim. *See Johnson v. Johns, et al.*, 2:02-cv-33 (Apr. 1, 2003); *Johnson v. Carline*, 2:02-cv-103 (Sept. 16, 2002); *Johnson v. Dellatifa*, 2:02-cv-139 (Jan. 17, 2003); *Johnson v. Stasewich*, 2:02-cv-212 (Mar. 31, 2003); *Johnson v. Coolman, et al.*, 2:03-cv-3 (Apr. 1, 2003); *Johnson v. Irvine*, 2:03-cv-25 (Mar. 25, 2003).  Moreover, Plaintiff's allegations do not fall within the exception to the three strikes rule, because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in these appeals.  An order consistent with this memorandum opinion shall be entered by the Court.


Dated:  December 22, 2005                                        /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
229 Federal Building
202 W. Washington St.
Marquette, MI 49855

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**